UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Mickey Pubien,
        Plaintiff

v.

U.S. Depart. of Justice
Office of Professional Responsibility,
                              Defendant

Case: 1:16-cv-01809 (F-Deck)
Assigned To : Jackson, Amy Berman
Assign. Date : 9/9/2016
Description: Pro Se Gen. Civil

## Civil Lawsuit Pursuant To 5 U.S.C. §§ 552(a)(4)(B)

Comes Now, Mickey Pubien, pro se (Plaintiff) before this Honorable Court Pursuant to 5 U.S.C. §§ 552(a)(4)(B) in regards to a FOIA request filed against the U.S. Department of Justice-Office of Professional Responsibility. Plaintiff contends that he has exhausted all of his administrative remedies, Dettmann v. Dep't of Justice, 256 U.S. App. D.C. 78, 802 F.2d 1472, 1477 (D.C. Cir 1990). **(See exhibit A)**; which gives this Court jurisdiction to hear the matter.

## Statements of Facts

This issue begins in late March of 2013, when Plaintiff filed a complaint against the prosecutor in his criminal case. This complaint was originally sent to the Office of Inspector General(OIG), to which they transferred to the Office of Professional Responsibility(OPR) on May 13, 2013. **(See exhibit B)**. After filing multiple extensions to this complaint, and the fact that a family member was told on two separate occasions that a [f]ield investigator was sent out, and the fact that the investigation was transferred to the DEA section of the branch-Plaintiff assumed that there was an ongoing investigation taken place.

(1)

RECEIVED
Mail Room

2016

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

But on February 1, 2016, nearly 33 months after the (OPR) had Possession of this complaint, it claimed that it was without jurisdiction to investigate the matter. (See exhibit C). From this letter, Plaintiff filed his initial FOIA request being specific as to what documents he seeks, (See exhibit D), to which the (OPR) denied pursuant to 5 U.S.C §§ 552(b), (c),(7)(C), personal privacy. (See again exhibit A). From the (OPR's) denial, Plaintiff filed his appeal to the Director of the Office of Information Policy(OIP), (See exhibit E), to which they affirmed their decision based on the same statute that the (OPR) denied the matter. (See again exhibit A).

## Argument

It is evident through Plaintiff's FOIA request that he made specifics as to what document he seeks, which had nothing to do with the personal records of the named Assistant United States Attorney, nor any law enforcement agents or any grand juror. Plaintiff [p]lainly requested information which falls squarely within the complaint he filed-which is misconduct in connection with the [indictment] in his case. And according to the rules governing the (OPR), it is mandated that they inform the [c]omplainant of the status of their investigation pursuant to §0.39(a)(5)

## Case Law/Statutes

In a concise manner-Plaintiff contends that this Court has jurisdiction to conduct a de novo review of the record in a FOIA case, and the agency resisting disclosure bears the burden of persuasion in defending its action. 5 U.S.C § 552(a)(4)(B), see also Long v. Dep't of Justice, 450 F. Supp. 2d 42, 53(D.D.C. 2006).

## Closing

Plaintiff request is that this Court compel the (OPR) to release non-exempt documents requested in his FOIA application. And in light of the government's response, Plaintiff will expound on the issue presented.

## CERTIFICATE OF SERVICE

This certifies that a true and complete copy of Civil Lawsuit was mailed this 18 day of August 2016 to the United States District Court-District of Columbia-E. Barrett Prettyman United States Courthouse-333 Constitution Ave, N.W., Room 1225 Washington, D.C. 2001.

State of Ky, County of Martin
Signed before me on this 18 day
of Aug, 2016 by Mickey Pubien
Notary Public C. Cornell

exp: 3/13/19
ID: 529859

Mickey Pubien #77183-004
U.S.P. Big Sandy
P.O. Box 2068
Inez, Ky 41224

[EXHIBIT A]



**U.S. Department of Justice**

Office of Professional Responsibility

*950 Pennsylvania Avenue, N.W., Suite 3266*
*Washington, D.C. 20530*
*(202) 514-3365*

MAR 1 0 2016

Mickey Pubien
Reg. No. 77183-004
USP Big Sandy
U.S. Penitentiary
P.O. Box 2068
Inez, KY 41224

Re: OPR FOIA No. F16-00047

Dear Mr. Pubien:

This responds to your February 25, 2016 Freedom of Information Act (FOIA) request to the Office of Professional Responsibility (OPR) seeking investigative records pertaining to a Department attorney. OPR received your request on March 10, 2016. It has been assigned request number F16-00047. Please refer to that number in any correspondence pertaining to this matter.

Pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), I am refusing to confirm or deny the existence of records responsive to your request. Lacking an individual's consent, an official acknowledgment of an investigation, or an overriding public interest, even to acknowledge the existence of investigatory records pertaining to an individual would constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. § 552(b)(6) and could reasonably be expected to constitute an unwarranted invasion of personal privacy pursuant to 5 U.S.C. § 552(b)(7)(C).

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 60 days of the date of my response to your request. If you

submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you are dissatisfied with the result of any appeal you make, judicial review may thereafter be available to you in the United States district court for the judicial district in which you reside, or in which you have your principal place of business, or in the District of Columbia.

Sincerely,

Lyn Hardy
Special Counsel
for Freedom of Information & Privacy Acts



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. Mickey Pubien
Register No. 77183-004
United States Penitentiary
Post Office Box 2068
Inez, KY 41224

Re:   Appeal No. DOJ-AP-2016-002314
      Request No. F16-00047
      MWH:JNW

**VIA: U.S. Mail**

Dear Mr. Pubien:

You appealed from the action of the Office of Professional Responsibility (OPR) on your Freedom of Information Act request for access to records concerning an investigation of a named Assistant United States Attorney.

After carefully considering your appeal, I am affirming OPR's action on your request. The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. OPR properly refused to confirm or deny the existence of records responsive to your request. Without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of such records, including law enforcement records, concerning an individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(6), (7)(C).

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of OPR in response to your request. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue

- 2 -

litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

8/8/2016

X *(signature)*

Matthew Hurd, Associate Chief, for
Sean O'Neill, Chief, Administrative Appeals Staff
Signed by: MATTHEW HURD

[EXHIBIT B]

U.S. Department of Justice

Office of the Inspector General

*Investigations Division*

---

1425 New York Avenue NW, Suite 7100
Washington, D.C. 20530

May 13, 20013

Mickey Pebien
#77183-004
USP Big Sandy
P.O. Box 2068
Inez, KY 41224-2068

Dear Mr. Pebien:

The purpose of this letter is to acknowledge receipt of your recent correspondence. The matters which you raised have been reviewed by the staff of the Investigations Division, Office of the Inspector General.

This Office does not have jurisdiction to investigate allegations that a Department of Justice attorney has committed misconduct while exercising his or her litigation authority. Accordingly, your correspondence has been referred to:

>U.S. Department of Justice
>Office of Professional Responsibility
>950 Pennsylvania Avenue, NW
>Washington, DC 20530
>202-514-3365

for review. Any further correspondence regarding this matter should be directed to that office.

I hope this answers any questions regarding this matter.

Sincerely,


Office of the Inspector General
Investigations Division

[EXHIBIT C]



U.S. Department of Justice

Office of Professional Responsibility

950 Pennsylvania Avenue, NW Room 3266
Washington, DC 20530

FEB 0 1 2016

Mickey Pubien
Reg. No. 77183-004
United States Penitentiary
P.O. Box 2068
Inez, KY 41224-2068

Dear Mr. Pubien:

    This is in response to your correspondence to the Office of Professional Responsibility (OPR). In your correspondence, you alleged misconduct in connection with the indictment in your case, *United States v. Pubien*, No. 06-60350-JIC (S.D. Fla.), and requested assistance.

    OPR has jurisdiction to investigate allegations of misconduct involving Department of Justice (DOJ) attorneys that relate to the exercise of their authority to investigate, litigate or provide legal advice, as well as allegations of misconduct by law enforcement personnel when they are related to allegations of attorney misconduct within the jurisdiction of OPR. It is, however, the policy of this Office to refrain from investigating issues or allegations that could have been or still may be addressed in the course of litigation, unless a court has made a specific finding of misconduct by a DOJ attorney or law enforcement agent. Based on our review of your correspondence, we have determined that your allegations fall into this category. Accordingly, we concluded that no action by this Office is warranted. You may wish to consult private counsel or contact the nearest Legal Aid Society to determine what additional legal avenues, if any, may be available to you.

    We regret that we are unable to be of further assistance to you in this matter.

Sincerely,

Jacqueline Robertson
Program Analyst

[EXHIBIT D]

FREEDOM OF INFORMATION/PRIVACY ACT
REQUEST ACT OF 1974

To: U.S. Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

From: Mickey Pubien 77183-004
U.S.P. Big Sandy
P.O. Box 2068
Inez, Ky 41224

REQUEST FOR INFORMATION ON A COMPLAINT FILED AGAINST
ASSISTANT UNITED STATES ATTORNEY JULIA J. VAGLIENTI
AS TO A FRAUDULENT INDICTMENT

I, Mickey Pubien, (Complainant) made a Freedom of Information request to this office on November 10, 2015, concerning the complaint that I filed with the Office of Inspector General (OIG) to which they forward to this office on May 13, 2013. It was stated by the (OIG) that I should address this office as to my concerns, to which I made multiple extensions to the initial complaint, as well as requesting information as to the status of the investigation. And the reason I say [investigation] is because my sister on two separate occasions through phone conversations was told that a [f]ield investigator was sent out to investigate the matter, and that the case was transferred to the DEA section of the branch

Well, after about 33 months of this office having possession of my complaint, I was sent a correspondence dated February 1, 2016, stating that it was without jurisdiction to investigate the matter. This lead me to wonder whether Program Analyst-Jacqueline Robertson must of overlooked the fact that my complaint has been pending in this office for nearly 3 years. And because certain facts exist in the record as to the status of Assistant Attorney Julia J. Vaglienti not being active in the court's record,

(1)

as well as the U.S. District Court Attorney Admissions Office, leads me to believe that this office launched an investigation back in May of 2013.

And at this time, I make my request to this office pursuant to 5 U.S.C. § 552(a) for any and all documents which relates to any investigation taken by this office. To be specific, my request is for: (1). any information pertaining to Assistant Attorney Julia J. Vaglienti's involvement with the fraudulent indictment. (2). any information pertaining to any law enforcement officials involved with Ms. Vaglienti. (3). any other individuals that may be apart of this investigation. (4). all documents as to the proceedings for obtaining the indictment, if any exist, [attendance record of the grand jury, polling sheet, transcripts of the grand jury's return of a True Bill].

If for any reason any of the above requested information or material is deemed to be privileged and exempt under FOIA, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material.

Per dictates of the Freedom of Information Act of 1974, this office has (20) working days to respond to this request. In the event I do not receive a response by that time, I will deem this formal request denied, and will seek judicial remedy. Thank you for your time and service.

## CERTIFICATE OF SERVICE

This certifies that a true and complete copy of this letter was mailed this 25 day of February 2016 to the United States Department of Justice Office of Professional Responsibility 950 Pennsylvania Avenue, N.W. Washington D.C. 20530.

State of KY, County of Martin
Signed before me on this 24 day
of Feb, 2016 by Mickey Pubien
Notary Public C. Coacui
exp: 3/13/19

Mickey Pubien

(2)

[EXHIBIT E]

To: Office of Information Policy(OIP)
U.S. Department of Justice
Suite 11050
1425 New York Avenue, NW
Washington, D.C. 20530-0001

Re: OPR FOIA# F16-00047

TO: Mickey Pubien #77183-004
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

## FREEDOM OF INFORMATION ACT APPEAL

**TO WHOM IT MAY CONCERN: Director**

I, Mickey Pubien(Requestor), files this Freedom of Information Appeal to this office in regards to the Office of Professional Responsibility(OPR) denial of my request for certain records.(See attached copy). Within their correspondence, they quoted statue 5 U.S.C §§552(b)(6) and (b)(7)(C), as to the reason for denying my request.

For one, I was the one who initially filed a complaint with the Office of Inspector General(OIG) to which they transferred to the Office of Professional Responsibility(OPR) on May 13, 2013.(See attached copy). After multiple extension to the initial complaint, I was told by the (OPR) that they were without jurisdiction to investigate the matter. After having my complaint for nearly 3 years, this seemed odd.(SEE attached copy).

And the reason I say this is because on two separate occasions my sister was told that a field investigator was sent out to investigate the matter. And that the investigation was transferred to the DEA section of the branch

And due to the fact that I"m the one who filed this complaint against the prosecutor in my case, I have the authorization to request the status/ conclusion of an investigation pursuant to § 0.39(a)(5). A review of my February 25, 2016, Freedom of Information request reveals that it had nothing to do with the invasion of any ones personal privacy. My request falls

(1)

strictly under § 0.59(a)(5). (see attached copy).

In concluding; My contention is that the (OPR) misquoted statue 5 U.S.C §§ 552(b)(6) and (b)(7)(C), as grounds to deny my request for certain documents, which only pertains to the investigation of the prosecutor/law enforcement agents, as well as the grand jury proceedings.

My request to this office on Appeal, is for it to grant my request for **(1). any information pertaining to Assistant Attorney Julia J. Vaglienti's involvement with the fraudulent indictment complaint. (2). any information pertaining to any law inforcment officials involved with Ms. Vaglienti. (3) any other individuals that may be a part of this investigation. (4). all documents as to the proceedings for obtaining the indictment, if any exist, [attendance record of the grand jury, polling sheet, transcripts of the grand jury's return of a True Bill].**

If for any reason any of the above requested information or material is deemed to be privileged and exempt under FOIA, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material.

Per dictates of the Freedom of Information Act of 1974, this office has (20) working days to respond to this request. In the event I do not receive a response by that time, I will deem this formal request denied, and will seek judicial remedy. Director, thank you for time and service.

## CERTIFICATE OF SERVICE

This certifies that a true and complete copy of the letter was mailed this 23 day of March 2016 to the Office of Information Policy, U.S. Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001.

State of KY, County of Martin
Signed before me on this 22 day
of March, 2016 by MICKEY PUBIEN
Notary Public C. Collins
exp: 3/13/19

Mickey Pubien
3/22/16

(2)

Mickey O'brien #77183-004
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

77183-004
District Of Columbia
333 Constitution AVE NW, Rm. 1225
Washington, DC 20001
United States